UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


ABDUL-HASIB AL-MUSAWWIR, #1174610,

          Petitioner,

v.                                                    Action No. 2:19cv6

HAROLD W. CLARKE,
Director, Virginia Dept. of Corrections,

          Respondent.


## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Virginia inmate, Abdul-Hasib Al-Musawwir's ("Al-Musawwir") *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. This matter was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. For the following reasons, the Court **RECOMMENDS** that Al-Musawwir's petition, ECF No. 1, be **DISMISSED WITHOUT PREJUDICE** to Al-Musawwir's right to present his claims after obtaining an order from the United States Court of Appeals for the Fourth Circuit.

On January 3, 2019, Al-Musawwir submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his convictions, in the Circuit Court for the City of Hampton, for aggravated malicious wounding, use of a firearm, and possession of a firearm. ECF No. 1 at 1 (referencing *Commonwealth v. Al-Musawwir*, No. CR-98-914 (Va. Cir. Sept. 21, 1999)). Al-

Musawwir was sentenced on November 30, 1999, to life plus eight years in the Virginia penal system. *Id.* Al-Musawwir asserts he was denied the right to raise his ineffective assistance of counsel claim in his initial state habeas corpus proceeding, he was convicted of an offense that does not constitute a crime, he was denied consultation with counsel prior to a court-ordered psychiatric examination, he was denied effective assistance of counsel, and his conviction was obtained by fraud due to the prosecutor's knowing use of false evidence and perjured testimony. *Id.* at 4, 6–9, 30–32 34, 39.

Al-Musawwir has previously filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. On December 12, 2002, Al-Musawwir filed a petition alleging sixteen grounds entitled him to relief. *Al-Musawwir v. Johnson*, No. 2:02cv967 (E.D. Va. Dec. 12, 2002). The petition was denied and dismissed on July 24, 2003. *Id.*, ECF Nos. 17, 18. The United States Circuit Court for the Fourth Circuit dismissed Al-Musawwir's appeal of the decision on April 8, 2004. *Id.*, EF Nos. 20, 22.

On April 26, 2013, Al-Musawwir filed a second petition for a writ of habeas corpus, which was dismissed as successive on May 20, 2013. *Al-Musawwir v. Clarke*, No. 2:13cv242 (E.D. Va. May 20, 2013).

Al-Musawwir's current petition, which seeks relief from the same 1999 convictions, is a successive section 2254 petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This Court has not received an order from the Court of Appeals for the Fourth Circuit authorizing the consideration of Al-Musawwir's successive application for a writ of habeas corpus,

2

nor does it appear from the petition that Al-Musawwir has moved for such an order. Therefore, this Court may not consider Al-Musawwir's application for a writ of habeas corpus.

It is therefore **RECOMMENDED** that Al-Musawwir's federal petition be **DISMISSED WITHOUT PREJUDICE** to Al-Musawwir refiling his federal petition after obtaining an order authorizing the filing of a successive petition from the Court of Appeals for the Fourth Circuit.

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.      A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court

based upon such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/

Robert J. Krask
United States Magistrate Judge

Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
February 4, 2019

4